1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **MICHAEL PFINGSTEN,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**CONVOY, INC.,** a Washington Corporation,<br><br>Defendant. | **Case No.** _____<br><br>**CLASS ACTION COMPLAINT** |

CLASS ACTION COMPLAINT-1

HAMMONDLAW, P.C.
1201 PACIFIC AVE SUITE 600
TACOMA, WASHINGTON 98402
Tel: (206) 707-9366
Fax: (310) 295-2385

Plaintiff Michael Pfingsten ("Plaintiff"), on behalf of himself and all others similarly situated, complains, and alleges the following:

## I. INTRODUCTION

1. Plaintiff brings this action on behalf of himself, and approximately 500 similarly situated former employees of Defendant who were terminated in mass layoffs as defined under 29 U.S.C. § 2101(a)(2) and (3) for which Defendant was required to provide 60 days advanced written notice under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* ("Warn Act").

2. On October 19, 2023, Defendant announced that it was discontinuing its core operations and terminated Plaintiff and Class Members who worked at or reported to Defendant's Seattle, Washington facility without providing them with 60 days advance written notice of their terminations by Defendant, as required by the Warn Act.

3. Plaintiff and all similarly situated employees seek to recover from Defendant 60 days wages and benefits, and reasonable attorney's fees and the costs, pursuant to 29 U.S.C. § 2104(a).

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff and Class Members' claims pursuant to 28 U.S.C. §§ 1331and 29 U.S.C. § 2104(a)(5).

5. Venue in this Court is proper in this District pursuant to 29 U.S.C. § 2104(a)(5).

## III. PARTIES

6. Plaintiff Michael Pfingsten was employed by Defendant as a Customer Account Specialist from approximately September 2021 until his termination on October 19, 2023, at Defendant's Seattle location. Mr. Pfingsten is a resident of the State of Washington.

7. Defendant is a Washington corporation, with its principal place of business at 1301 2nd Ave. Suite 1300, Seattle, WA 98101 (the "Facility"). Defendant operated as a digital freight broker that connects shippers and carriers.

CLASS ACTION COMPLAINT-2

HAMMONDLAW, P.C.
1201 PACIFIC AVE SUITE 600
TACOMA, WASHINGTON 98402
Tel: (206) 707-9366
Fax: (310) 295-2385

## IV. FACTS AND CLASS ALLEGATIONS

8. Plaintiff brings this Claim for relief for violation of 29 U.S.C. § 2101 *et seq.*, on behalf of himself and on behalf of all others similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ. P. 23(a) and (b), who worked at or reported to Defendant's Facility and were terminated without cause on or about October 19, 2023, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or the plant closing by Defendant on or about October 19, 2023, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

9. Upon information and belief, there are at least 500 individuals in the WARN Class. Members of the WARN Class are so numerous that joinder of all members is impractical.

10. Upon information and belief, at all relevant times, the similarly situated former employees who were terminated by Defendant worked, reported to, or received instructions from Defendant's Facility.

11. Common questions of law and fact exist as to all members of the WARN Class and predominate over any questions solely affecting individual members of the WARN Class. Among the questions of law and fact common to the Plaintiff and the WARN Class are the following:

   i. Whether Plaintiff and the WARN Class were employees of the Defendant who worked at or reported to Defendant's Facility;

   ii. Whether Defendant unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

   iii. Whether Defendant unlawfully failed to pay WARN Class members 60 days wages and benefits as required by the WARN Act.

12. The Plaintiff's claim is typical of those of the WARN Class. The Plaintiff, like other WARN Class Members, worked at or reported to Defendant's Facility and was terminated on or about October 19, 2023, due to mass layoffs and/or the plant closing ordered by Defendant.

CLASS ACTION COMPLAINT-3

HAMMONDLAW, P.C.
1201 PACIFIC AVE SUITE 600
TACOMA, WASHINGTON 98402
Tel: (206) 707-9366
Fax: (310) 295-2385

13. Plaintiff will fairly and adequately protect the interest of the WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

14. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation—particularly in the context of the WARN Act litigation, where individual plaintiffs may lack financial resources to vigorously persecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

15. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgements, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Acts rights of all the members of the Class.

16. Plaintiff intends to send notices to all members of the WARN Class to the extent required by Fed. R. Civ. P. 23.

V.      **CAUSE OF ACTION**

**Violation of the WARN Act, 29 U.S.C. § 2104**

17. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

18. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

CLASS ACTION COMPLAINT-4

HAMMONDLAW, P.C.
1201 PACIFIC AVE SUITE 600
TACOMA, WASHINGTON 98402
Tel: (206) 707-9366
Fax: (310) 295-2385

19. At all relevant times, Defendant was an "employer" as that term is defined in 29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639(a)(3) and continued to operate as a business until Defendant decided to order mass layoffs and/or plant closings at the Facility.

20. At all relevant times, Plaintiff and the similarly situated former employees were employees of Defendant as that term is defined by 29 U.S.C. § 2101(a)(2) and § 2102(d).

21. On or about October 19, 2023, Defendant ordered mass layoffs and/or the plant closing at the Facility, as those terms are defined by 29 U.S.C. § 2101(a)(2) and 20 C.F.R. § 639(c).

22. The mass layoffs or the plant closing at the Facility resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(2) for at least fifty of Defendant's employees as well as more than one-third of Defendant's workforce at the Facility, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

23. The Plaintiff and the WARN Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequences of the mass layoffs or plant closing ordered by Defendant at the Facility.

24. Plaintiff and the Class Members are "affected employees" of Defendant within the meaning of 29 U.S.C. § 2101(a)(5).

25. Defendant was required by the WARN Act to give Plaintiff and the WARN Class Members at least 60 days advance written notice of their terminations.

26. Defendant failed to give Plaintiff and the WARN Class Members written notice that complied with the requirements of the WARN Act.

27. Plaintiff and each of the members of the WARN Class, are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104(a)(7).

28. Defendant failed to pay Plaintiff and each of the members of the WARN Class their respective wages, salary, commissions, bonuses, accrued vacation pay and accrued personal days off for 60 days following their respective terminations, and upon information and belief failed to

CLASS ACTION COMPLAINT-5

HAMMONDLAW, P.C.
1201 PACIFIC AVE SUITE 600
TACOMA, WASHINGTON 98402
Tel: (206) 707-9366
Fax: (310) 295-2385

make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

## VI.     PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and the members of the WARN Class, prays for judgment against Defendant as follows:

A.     An Order that this action may proceed and be maintained as a class action and certifying the class as defined above;

B.     Designation of the Plaintiff as the Class Representative;

C.     Appointment of the undersigned as Class Counsel;

D.     A judgement in favor of the Plaintiff and the WARN Class Members equal to the sum of their unpaid wages, salary, commissions, bonus, accrued vacation pay, accrued personal time off, pension and 401(k) contributions and other COBRA benefits, for 60 days, including medical expenses that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A);

E.     Plaintiff's reasonable attorney's fees and the costs incurred prosecuting this action as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6); and

F.     All other relief this Court deems proper.

DATED:     October 25, 2023                     Respectfully submitted,



Julian Hammond, WSBA # 52096
Ari Cherniak, WSBA # 55727
HAMMONDLAW, P.C.
1201 Pacific Ave., Suite 600
Tacoma WA 98402
(206) 707-9366
(310) 295-2385 (Fax)

*Attorneys for Plaintiff and the Putative Class*

CLASS ACTION COMPLAINT-6

HAMMONDLAW, P.C.
1201 PACIFIC AVE SUITE 600
TACOMA, WASHINGTON 98402
Tel: (206) 707-9366
Fax: (310) 295-2385