The Honorable Barbara J. Rothstein

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| MICHAEL PFINGSTEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CONVOY, INC., a Washington Corporation,<br><br>Defendants. | No. 2:23-cv-01629-BJR<br><br>**DEFENDANT CONVOY INC.'S ANSWER AND AFFIRMATIVE DEFENSES** |

COMES NOW CONVOY, INC. ("Convoy" or "Defendant") and files this its responsive pleading to the Complaint identified above as follows:

1.  Insofar as it characterizes the action and calls for a legal conclusion, no response is necessary. At this time, the Defendant states that its assets were foreclosed via Article IX of the Uniform Commercial Code and it effectively stopped functioning. Its long-time management was terminated. The Defendant now has little, if any assets, and conducts no business. The Defendant is now in the control of a third-party restructuring officer. Because of these circumstances, the Defendant cannot confirm or deny the allegations regarding the Plaintiff's employment or tenure and therefore denies the same. To the extent any further response is necessary, these allegations are denied.

DEFENDANT CONVOY, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES - 1
Case No. 23-cv-01629-BJR

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

2. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

3. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

4. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

5. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

6. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

7. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

8. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

9. At this time, the Defendant states that its assets were foreclosed via Article IX of the Uniform Commercial Code and it effectively stopped functioning. Its long-time management was terminated. The Defendant now has little, if any assets, and conducts no business. The Defendant is now in the control of a third-party restructuring officer. Because of these circumstances, the Defendant cannot confirm or deny the allegations regarding the Plaintiff's employment or tenure and therefore denies the same. To the extent any further response is necessary, these allegations are denied.

10. Denied.

DEFENDANT CONVOY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES - 2
Case No. 23-cv-01629-BJR

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

11. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

12. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

13. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

14. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

15. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

16. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

17. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

18. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

19. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

20. At this time, the Defendant states that its assets were foreclosed via Article IX of the Uniform Commercial Code and it effectively stopped functioning. Its long-time management was terminated. The Defendant now has little, if any assets, and conducts no business. The Defendant is now in the control of a third-party restructuring officer. Because of these circumstances, the Defendant cannot confirm or deny the allegations regarding the Plaintiff's

DEFENDANT CONVOY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES - 3
Case No. 23-cv-01629-BJR

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

employment or tenure and therefore denies the same. To the extent any further response is necessary, these allegations are denied.

21. At this time, the Defendant states that its assets were foreclosed via Article IX of the Uniform Commercial Code and it effectively stopped functioning. Its long-time management was terminated. The Defendant now has little, if any assets, and conducts no business. The Defendant is now in the control of a third-party restructuring officer. Because of these circumstances, the Defendant cannot confirm or deny the allegations regarding the Plaintiff's employment or tenure and therefore denies the same. To the extent any further response is necessary, these allegations are denied.

22. At this time, the Defendant states that its assets were foreclosed via Article IX of the Uniform Commercial Code and it effectively stopped functioning. Its long-time management was terminated. The Defendant now has little, if any assets, and conducts no business. The Defendant is now in the control of a third-party restructuring officer. Because of these circumstances, the Defendant cannot confirm or deny the allegations regarding the Plaintiff's employment or tenure and therefore denies the same. To the extent any further response is necessary, these allegations are denied.

23. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

24. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

25. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

DEFENDANT CONVOY, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES - 4
Case No. 23-cv-01629-BJR

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

26. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

27. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

28. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

29. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

30. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

31. No response is necessary, but to the extent that that such a response is required, the allegation is denied and all prior allegations are incorporated by reference.

32. At this time, the Defendant states that its assets were foreclosed via Article IX of the Uniform Commercial Code and it effectively stopped functioning. Its long-time management was terminated. The Defendant now has little, if any assets, and conducts no business. The Defendant is now in the control of a third-party restructuring officer. Because of these circumstances, the Defendant cannot confirm or deny the allegations regarding the Plaintiff's employment or tenure and therefore denies the same. To the extent any further response is necessary, these allegations are denied.

33. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

34. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

DEFENDANT CONVOY, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES - 5
Case No. 23-cv-01629-BJR

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

35. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

36. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

37. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

38. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

39. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

40. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

41. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

42. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

43. No response is necessary, but to the extent that that such a response is required, the allegation is denied and all prior allegations are incorporated by reference.

44. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

45. At this time, the Defendant states that its assets were foreclosed via Article IX of the Uniform Commercial Code and it effectively stopped functioning. Its long-time management was terminated. The Defendant now has little, if any assets, and conducts no business. The

DEFENDANT CONVOY, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES - 6
Case No. 23-cv-01629-BJR

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

Defendant is now in the control of a third-party restructuring officer. Because of these circumstances, the Defendant cannot confirm or deny the allegations regarding the Plaintiff's employment or tenure and therefore denies the same. To the extent any further response is necessary, these allegations are denied.

46. At this time, the Defendant states that its assets were foreclosed via Article IX of the Uniform Commercial Code and it effectively stopped functioning. Its long-time management was terminated. The Defendant now has little, if any assets, and conducts no business. The Defendant is now in the control of a third-party restructuring officer. Because of these circumstances, the Defendant cannot confirm or deny the allegations regarding the Plaintiff's employment or tenure and therefore denies the same. To the extent any further response is necessary, these allegations are denied.

47. The cited sections of the Seattle Municipal Code speak for themselves. To the extent any response is necessary, these allegations are denied.

48. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

49. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

50. Because these allegations call for a legal conclusion, no response is necessary. To the extent any response is necessary, these allegations are denied.

## **AFFIRMATIVE DEFENSES**

A1. The allegations of the Complaint fail to state facts sufficient to constitute a cause of action and/or causes of action on which relief may be granted.

DEFENDANT CONVOY, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES - 7
Case No. 23-cv-01629-BJR

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

A2. The Plaintiff's claims are barred by equitable doctrines, including, without limitation, unclean hands, laches, estoppel, and/or waiver.

A3. The Plaintiff's claims are barred by the applicable statute of limitations and repose.

A4. Any recovery by Plaintiff must be set-off or reduced by any amount recovered by any other party whose acts caused or contributed to Plaintiff's damages, if any.

A5. The claims are barred by payment and/or release.

A6. The injuries and/or damages alleged in this lawsuit, which are hereby denied, were due to and caused by the failure to mitigate.

A7. To the extent supported by facts revealed in discovery, Plaintiff's claims are barred by the failure to join as a party to this action a party or parties in whose absence complete relief cannot be accorded among those already parties, thereby subjecting the Defendant to a substantial risk of incurring double, multiple or otherwise inconsistent obligations.

A8. Convoy reserves and does not waive the right to raise claims of any type against any party and/or third parties.

A9. No act, omission, or combination of acts or omissions on the part of this Defendant caused any injuries or damages to Plaintiff.

A10. Convoy reserves the right to amend this Answer and its affirmative defenses after investigation, discovery and further information is disclosed, including any and all defenses supported by the evidence proffered at trial of this matter, and Convoy is not waiving any defenses that may arise during investigation, discovery, and trial of this litigation.

DEFENDANT CONVOY, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES - 8
Case No. 23-cv-01629-BJR

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

A11. Plaintiff's claims under the WARN Act cannot be sustained because any layoffs or terminations of Convoy's employees were caused by business circumstances that were not reasonably foreseeable as of the time that notice would have been required.

A12. Plaintiff's claims under the WARN Act cannot be sustained because any layoffs or terminations of Convoy's employees occurred after a period in which it was actively seeking capital and business opportunities which, if obtained, would have enabled Convoy to avoid or postpone those actions and Convoy reasonably and in good faith believed that giving the notice required would have precluded the employer from obtaining the needed capital or business.

A13. Plaintiff's claims under the WARN Act cannot be sustained because any layoffs or terminations of Convoy's employees occurred due to damage caused by the COVID-19 Pandemic which was classed as a "national emergency" and "natural disaster" by state and federal governments.

A14. Plaintiff's claims under the WARN Act cannot be sustained because, at the time of the events in question, the Defendant was no longer operating as a going concern, but was rather operating for the sole purpose of liquidating.

A15. This matter is inappropriate for treatment as a class action regarding the putative Expense Class because individual issues predominate, including but not limited to:

    a) whether any reimbursement was "necessary" within the meaning of Seattle Municipal Code 14.20.010;

    b) whether any affected employee reported the expenses and sought reimbursement through Convoy's internal processes;

DEFENDANT CONVOY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES - 9
Case No. 23-cv-01629-BJR

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

  c) whether and how each individual employee's recovery may be impacted by a set-off related to their personal use and enjoyment of the property and services he or she was alleged to have paid for on behalf of Convoy;

  d) whether some employees were, in fact, reimbursed for any expenses incurred;

  e) whether any property purchased as a "direct consequence" of an employee's work was ever returned or surrendered once his or her employment with Convoy ended;

  f) whether any expenses were, in fact, a "direct consequence" of any shift to remote work during the COVID-19 Pandemic; and

  g) whether each individual employee is covered by SMC 14.20 based upon his or her remote work location under SMC 14.20.015 and, if employees living and working outside Seattle may be covered, which two-week periods are actionable.

A16. Both the putative WARN Class and Expense Class fail to meet the requirements under Federal Rule of Civil Procedure 23.

A17. Supplementary jurisdiction over the putative Expense Class is inappropriate because the statute subverts the Court's authority to determine whether two employees are "similarly situated" for the purposes of class certification. SMC 14.20.090(D).

A18. Plaintiff's claim under the WARN Act should not be sustained in this Court because a lawsuit bearing identical class-action allegations is currently pending in the U.S. District Court for the District of Delaware — Convoy's state of incorporation — and was filed before Plaintiff's Complaint was filed in this Court.

DEFENDANT CONVOY, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES - 10
Case No. 23-cv-01629-BJR

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

WHEREFORE, Defendant Convoy, Inc., having fully responded, demands to be dismissed from this action with costs cast against the Plaintiff.

### JURY DEMAND

Defendant demands a trial by jury on all claims so triable as a matter of right.

**DATED** this 4th day of January, 2024.

**BADGLEY MULLINS TURNER PLLC**

*/s/Duncan C. Turner*
Duncan C. Turner, WSBA #20597
19929 Ballinger Way NE, #200,
Seattle, WA 98155
Telephone: (206) 621-6566
Email: dturner@badgleymullins.com
***Liaison Counsel for Defendant Convoy, Inc.***

**BILLION LAW**
Mark M. Billion *(Pro Hac Vice forthcoming)*
922 New Road
Wilmington, DE 19805
T: (302) 428-9400
E: markbillion@billionlaw.com
***Attorneys for Defendant Convoy, Inc.***

DEFENDANT CONVOY, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES - 11
Case No. 23-cv-01629-BJR

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of October, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/Yonten Dorjee
Yonten Dorjee, Paralegal
**BADGLEY MULLINS TURNER PLLC**
Email: ydorjee@badgleymullins.com

DEFENDANT CONVOY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES - 12
Case No. 23-cv-01629-BJR

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686